HAYNES AND BOONE, LLP
Matthew E. Costello/Bar No. 295062
  Matthew.Costello@haynesboone.com
Jessica M. Ewert/Bar No. 328506
  Jessica.Ewert@haynesboone.com
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
T: (949) 202-3000 | F: (949) 202-3001

Attorneys for Defendant
AMAZON RETAIL LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY FELIX, an individual;<br><br>Plaintiff,<br><br>v.<br><br>AMAZON RETAIL LLC, a Delaware limited liability company; and DOES 1-25, inclusive;<br><br>Defendant. | Case No. 8:25-cv-1709<br><br>(Removed from Orange County Superior Court, Case No. 30-2025-01493002-CU-OE-NJC)<br><br>**DEFENDANT AMAZON RETAIL LLC' NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, Defendant Amazon Retail LLC ("Amazon"), by and through its undersigned counsel, hereby removes this action filed by Plaintiff Gregory Felix ("Plaintiff"), from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California, Southern Division, on the following grounds.

## I.    PROCEDURAL HISTORY

This is an employment case.  On June 26, 2025, Plaintiff filed a civil complaint against Amazon in the Superior Court of the State of California, County of Los Angeles, styled *Gregory Felix v. Amazon Retail LLC*, Case No. 30-2025-01493002-CU-OE-NJC (the "Complaint").  In the Complaint, Plaintiff alleges causes of action against Amazon for: (1) Disability Discrimination per Government Code § 12940(a) et seq. ("FEHA") (2) Failure to Accommodate Medical Condition per FEHA; (3) Failure to Engage in the Interactive Process per FEHA; (4) Retaliation per FEHA; (5) Wrongful Termination in Violation of Public Policy; (6) Hostile Work Environment [Harassment] per FEHA; (7) Failure to Prevent Harassment per FEHA; (8) Intentional Infliction of Emotional Distress; and (9) Negligent Infliction of Emotional Distress.

Plaintiff served the Summons and Complaint on Amazon's registered agent for service of process on July 2, 2025.  Accordingly, this Notice of Removal is timely, as it is being filed within 30 days after service of the Summons and Complaint.  *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).  A true and correct copy of Plaintiff's Summons and Complaint is attached hereto as **Exhibit A**.  A true and correct copy of Amazon's Answer to the Complaint, filed on July 30, 2025 in the state court action, is attached hereto as **Exhibit B**.  A true and correct copy of other state court action documents served on Amazon are attached hereto as **Exhibit C**.  Amazon has not been served with any other process, pleadings, or orders to date.

1

DEFENDANT AMAZON RETAIL LLC'S NOTICE OF REMOVAL

## II.   VENUE

Plaintiff filed the Complaint in, and this action is being removed from, the Superior Court of the State of California, County of Orange, which is located in the Southern Division of the United States District Court for the Central District of California.  28 U.S.C. § 84(c).  Thus, this Notice of Removal is properly filed in this Court.  *See id.* §§ 1441(a), 1446(a).

## III.   JURISDICTION

The Court has original jurisdiction over this action based on diversity of citizenship.  *Id.* § 1332(a).  That is, this action is removable to this Court because it is a civil action between citizens of different states, the amount in controversy exceeds $75,000, exclusive of interest and costs, and Amazon is not a citizen of California.  *Id.* §§ 1441(b), 1446.

### A.   Requisite diversity of citizenship exists.

Citizenship of a natural person is established by domicile.  A person's domicile is established by physical presence and an intent to remain indefinitely.  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).  Residence creates a presumption of one's domicile.  *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941); *see also NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016).

Plaintiff filed this action in the Superior Court of the State of California, County of Orange.  (*See generally* Exh. A ["Compl."].)  He worked for Amazon for years in California and listed a California address in his employment papers.  Amazon is informed and believes, and thereon alleges based on the allegations in the Complaint, that Plaintiff was at the time this action commenced, and still is, a citizen of the State of California.  (*See id.* ¶ 1 ["Plaintiff, GREGORY FELIX, is and was, at all times relevant to this Complaint, a resident of Irvine, California . . . ."].)

Plaintiff alleges that he was employed by Amazon Retail LLC.  (*See id.* ¶¶ 1-3.)  For purposes of diversity jurisdiction: (1) corporations are deemed citizens of the states in which they are incorporated and in which their principal places of

2

business are located; and (2) the citizenship of a limited liability company is the citizenship of its members.  28 U.S.C. § 1332(c)(1); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  A limited liability company's principal place of business and state of organization are irrelevant for purposes of diversity jurisdiction.  *See Jenkins v. Bayview Loan Serv., LLC*, No. CV 18-8105 FMO (MRWx), 2018 U.S. Dist. LEXIS 181056, at *5 (C.D. Cal. Oct. 22, 2018).

Amazon Retail LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Washington.  Its sole member is Amazon Retail US Holdings LLC.  Amazon Retail US Holdings LLC is a limited liability company organized under the laws of Delaware.  Its sole member is Walnut Sub Enterprises LLC.  Walnut Sub Enterprises LLC is a limited liability company organized under the laws of Delaware.  Its sole member is Amazon.com Services LLC.  Amazon.com Services LLC is a limited liability company organized under the laws of Delaware.  Its sole member is Amazon.com Sales, Inc.

Amazon.com Sales, Inc. is a corporation incorporated in Delaware, with its principal place of business in Washington.  Its corporate headquarters are located in Seattle, Washington.  All of the company's primary executive, administrative, financial, and management functions are in Washington, where its corporate officers direct, control, and coordinate its activities.  Accordingly, Amazon.com Sales, Inc. is a citizen of Delaware and Washington.

Defendants Does 1 through 25 are fictitious and, therefore, their citizenship is disregarded for purposes of removal.  *See* 28 U.S.C. § 1441(b)(1).

Based on the foregoing, complete diversity of citizenship exists in this matter because Plaintiff and Amazon are citizens of different states and Amazon is not a citizen of California.  *See id.* §§ 1332(a)(1), 1441(b).

**B.**     **The amount in controversy exceeds $75,000.**

To be removable on diversity of citizenship grounds, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and

DEFENDANT AMAZON RETAIL LLC'S NOTICE OF REMOVAL

costs, at the time of removal. *Id.* § 1332(a)(1). Where, as here, removal is based on diversity of citizenship and the initial pleading seeks monetary damages but does not demand a specific sum, "the notice of removal may assert the amount in controversy," *id.* § 1446(c)(2), and the removing party need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87-88 (2014).

Amazon denies all the allegations in the Complaint and denies that it is liable to Plaintiff on any purported cause of action or for any amount of alleged damages. However, taking Plaintiff's allegations in the Complaint as true for the purposes of this Notice of Removal only, the amount of damages alleged, including economic (e.g., "back pay [and] front pay"), non-economic (e.g., for "emotional distress" and "mental anguish"), and punitive damages, as well as Plaintiff's prayer for attorneys' fees — all of which are considered for ascertaining the amount in controversy — exceeds $75,000, exclusive of interest and costs. (*See, e.g.*, Compl. ¶¶ 20-24; *id.* at p. 19 [prayer for relief].)

1.    Alleged lost wages.

At the time of Plaintiff's alleged termination on June 26, 2024, Plaintiff was a part-time (i.e., flex time) Grocery Associate with a standard schedule of 19 hours per week at an hourly rate of $19.10 per hour, or $362 per week, which amounts to an annual equivalent of $18,824, or approximately $1,568 per month. (**Exh. D** ["Costello Decl."] ¶ 2.) As of the time of this Notice of Removal, approximately 13 months had passed since Plaintiff's alleged termination date. Therefore, Plaintiff's alleged backpay damages as of this Notice of Removal is $20,384.

Furthermore, courts consider alleged lost wages through the date of trial. *See, e.g.*, *Cuevas v. Lowes Home Ctrs., LLC*, No. CV 20-2755 PSG (KSx), 2020 U.S. Dist. LEXIS 206629, at *11 (C.D. Cal. Aug. 5, 2020); *Reyes v. Staples Off. Superstore, LLC*, No. CV 19-07086-CJC (SKx), 2019 U.S. Dist. LEXIS 150735, at

*8-9 (C.D. Cal. Sept. 3, 2019).  Where a trial date is not yet set, courts have found one year from the date of removal to be a conservative trial date estimate in employment cases.  *See Reyes*, 2019 U.S. Dist. LEXIS 150735, at *8-9 (applying a "conservative estimate" of one year from the date of removal to the trial date to calculate the amount in controversy); *Mendoza v. QVC Inc.*, No. 5:20-CV-01595-ODW (KKx), 2021 U.S. Dist. LEXIS 30518, at *6-7 (C.D. Cal. Feb. 18, 2021) (same).  Here, assuming conservatively that trial occurs a year from this Notice of Removal, Plaintiff's claimed future lost wages are $18,824.  (Costello Decl. ¶ 3.)

Thus, conservatively, Plaintiff's past and future lost wages equals $39,208.

### 2. <u>Alleged emotional distress damages</u>.

Alleged emotional distress damages are properly considered in the amount in controversy.  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Cuevas*, 2020 U.S. Dist. LEXIS 206629, at *12. *Plata v. Target Corp.*, No. CV 16-5496 PSG (MRWx), 2016 U.S. Dist. LEXIS 147728, at *6-11 (C.D. Cal. Oct. 25, 2016).

In cases involving the purported causes of action alleged by Plaintiff, courts routinely permit a removing party to consider at least $25,000 in alleged emotional distress damages for purposes of satisfying the amount in controversy, even though courts also calculate emotional distress damages for removal purposes at a 1:1 ratio between economic and non-economic damages based on comparisons to verdicts in factually similar cases.  *See, e.g.*, *Kroske*, 432 F.3d at 980; *see, e.g.*, *Cuevas*, 2020 U.S. Dist. LEXIS 206629, at *13-14.  Thus, here, a conservative estimate of the emotional distress damages at issue in this case is at least $25,000.

### 3. <u>Alleged punitive damages</u>.

It is well established that punitive damages are also part of the amount in controversy for purposes of establishing diversity jurisdiction.  *See, e.g.*, *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

Awards of four times compensatory damages have been found to comport with due process and, absent other factors, are otherwise affirmed.  *State Farm Mut.*

DEFENDANT AMAZON RETAIL LLC'S NOTICE OF REMOVAL

*Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424-25 (2003); *see Diaz v. Tesla, Inc.*, 598 F. Supp. 3d 809, 844 (N.D. Cal. 2022) (finding 9:1 ratio of punitive to compensatory damages appropriate as discrimination cases warrant a higher ratio, and listing other cases approving similar ratios); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (denying motion to remand as punitive damages, though unspecified, were sufficient to meet amount in controversy based on $25,600 in compensatory damages). "Other courts have used a 1:1 ratio with compensatory damages, as 'conservative,' in determining punitive damages at removal." *Cuevas*, 2020 U.S. Dist. LEXIS 206629, at *15-16. Applying a conservative 1:1 ratio here would amount to punitive damages of $39,208.

Based on the foregoing conservative calculations, the amount in controversy is at least $103,416, which meets the jurisdictional amount without even considering alleged front pay and attorneys' fees. Thus, the amount in controversy requirement is met and subject matter jurisdiction is satisfied over this action.

## IV.    **NOTICE TO PLAINTIFF AND THE STATE COURT**

Amazon will promptly serve on Plaintiff a written "Notice to Adverse Party of Removal to Federal Court" and file a copy of that notice with the state court clerk of the Superior Court of the State of California, County of Orange, from which this case was removed. *See* 28 U.S.C. § 1446(d).

**WHEREFORE**, Amazon hereby removes this action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California, Southern Division.

Date: August 1, 2025                         HAYNES AND BOONE, LLP

                                     By:    */s/ Matthew E. Costello*
                                            Matthew E. Costello
                                            Attorneys for Defendant
                                            AMAZON RETAIL LLC

DEFENDANT AMAZON RETAIL LLC'S NOTICE OF REMOVAL

## PROOF OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. I am employed with the law offices of Haynes and Boone, LLP and my business address is 600 Anton Blvd., Suite 700, Costa Mesa, California 92626.

On August 1, 2025, I served the foregoing document, entitled **Defendant Amazon Retail LLC's Notice of Removal**, on the interested party in this action by serving a true copy thereof on the individuals below, as indicated:

| | |
|---|---|
| Jacob N. Whitehead, Esq. | Attorneys for Plaintiff |
| Jacob@wemploymentlaw.com | Gregory Felix |
| W EMPLOYMENT LAW, APC | |
| 7700 Irvine Center Drive, Suite 800 | |
| Irvine, California 92618 | |

☐ **(BY MAIL)** I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice, such document was deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business.

☐ **(BY ELECTRONIC DELIVERY)** I served a true and correct copy of such document by electronic delivery pursuant to the parties' agreement under Federal Rule of Civil Procedure 5.

☒ **(BY FEDERAL EXPRESS)** I am readily familiar with the firm's practice for collecting and processing of correspondence for overnight delivery by Federal Express. Under that practice, such document was deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 1, 2025, at Costa Mesa, California.

*/s/ Tara Hamilton*
Tara Hamilton

1
PROOF OF SERVICE